PINKERTON'S, INC., ET AL.

V.

FLORA GRACE HELMES

Record No. 901523

November 8, 1991

Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy, and Hassell, JJ.

*Nathaniel S. Newman (Thompson, Smithers, Newman & Wade*, on brief), for appellants.

*James G. MacQueen (Geraty & MacQueen*, on brief), for appellee.

JUSTICE LACY delivered the opinion of the Court.

Flora Grace Helmes was employed by Pinkerton's, Inc. as a security guard. She was assigned to work at an AT&T microwave relay station located near the top of Afton Mountain in rural Albemarle County. On March 24, 1986, Helmes completed her shift and left the job site at 7:00 a.m. Later that morning, she was found semi-conscious in her wrecked vehicle which had run off the road which led from the relay station to the public highway.

As a result of the accident, Helmes sustained permanent brain damage and is confined to a nursing home. She has been unable to recall any facts regarding the accident. However, the evidence showed that the tire marks on the roadway were consistent with a sudden steering maneuver.

The Industrial Commission denied Helmes's claim for workers' compensation benefits finding that, while the accident occurred in the course of her employment, the evidence did not establish that the injuries were sustained as a result of any condition of employment. Therefore, the Commission concluded that the injuries did not "arise out of" the employment. The Court of Appeals reversed, holding that Helmes was entitled to a presumption that her injuries arose out of her employment because there was no evidence showing any non-employment related cause for the injuries and she was "neurologically disabled and unable to recall the details of the accident." Considering the issue to have substantial

precedential value, we granted Pinkerton's appeal and now reverse the decision of the Court of Appeals.

To qualify for workers' compensation benefits, an employee's injuries must result from an event "arising out of" and "in the course of" the employment. A "critical link" must exist between the conditions of the workplace and the injury in order for the injury to qualify as "arising out of" the employment. *County of Chesterfield* v. *Johnson*, 237 Va. 180, 186, 376 S.E.2d 73, 76 (1989). In this case, the cause of Helmes's accident is unknown. There is evidence that wild animals were sometimes seen on the mountain, but the reason for Helmes's sudden steering maneuver remains speculative. Therefore, only if she is entitled to a presumption that the injuries "arose out of" her employment is she entitled to workers' compensation benefits.

We have applied such a presumption in circumstances where

> an employee is found dead as the result of an accident at his place of work or near by, where his duties may have called him during the hours of his work, and there is no evidence offered to show what caused the death or to show that he was not engaged in his master's business at the time . . . .

*Sullivan* v. *Suffolk Peanut Co.*, 171 Va. 439, 444, 199 S.E. 504, 506 (1938). Since adopting this presumption 52 years ago, we have applied it only in the limited circumstance where death resulted from the accident. *See Southern Motor Lines* v. *Alvis*, 200 Va. 168, 104 S.E.2d 735 (1958). When considered in a non-death case, we did not apply the presumption because other requisite elements for its application were not met. *Metcalf* v. *A.M. Express Moving*, 230 Va. 464, 470, 339 S.E.2d 177, 181 (1986) (evidence did not establish that the assault was in connection with the employment). Today, however, we specifically review the holding of the Court of Appeals that extends the presumption to non-death cases.

Helmes argues that the inability to explain the circumstances of the accident is no different in her case than where an employee dies as the result of an accident. The Court of Appeals agreed, stating:

> Helmes' inability to provide an explanation puts her in an equivalent position, for purposes of applying the presump-

tion, to the employee whose ability to relate the events is destroyed by death.

Under these circumstances, the Court of Appeals concluded, "[l]ogic dictates" that the presumption should be applied in this case. We disagree.

■ Every unexplained accident, by definition, means that no one can relate how the accident happened. The reason for the inability to recall may be based on a preexisting or resulting, temporary or permanent, physical condition of the claimant, as well as mere inattention at the moment of the accident. If mere inability to recall the events is the rationale for application of the presumption, then it would also be logical that the claimant should be entitled to the benefit of the presumption in any of these circumstances, or whenever there is an unexplained accident.

■ Broadening the use of the presumption to such an extent significantly alters the jurisprudence of workers' compensation law. This change, we believe, is more properly a matter of policy, a prerogative of the legislative branch of government. *See* Va. Code § 65.2-402 (presumption created for death or disability from certain diseases in the case of fire fighters and police).

Therefore, we hold that the presumption that the injury "arose out of" the employment is limited in its application to death cases, and is inapplicable here. In the absence of a showing that the injuries "arose out of" the employment, Helmes's claim for workers' compensation benefits must be denied. In light of this holding, it is unnecessary to consider Pinkerton's other assignments of error.

We will reverse the judgment of the Court of Appeals and enter final judgment dismissing the claim.

*Reversed and final judgment.*