COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia


PLASTIC PRODUCTS, INC. AND
 LMI INSURANCE CO.

v.        Record No. 1963-95-2        MEMORANDUM OPINION[*] BY
                                      JUDGE JOHANNA L. FITZPATRICK
MILDRED CLARK BULLOCK                      APRIL 16, 1996


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            S. Vernon Priddy, III (Ralph L. Whitt, Jr.;
            Jennifer G. Marwitz; Sands, Anderson, Marks &
            Miller, on brief), for appellants.

            No brief or argument for appellee.


     In this workers' compensation case, Plastic Products, Inc.
and its insurer, LMI Insurance Co. (collectively referred to as
employer), appeal the commission's decision awarding benefits to
Mildred C. Bullock (claimant).  Employer argues that the
commission erred in finding that claimant's fall arose out of her
employment.  For the reasons that follow, we hold that claimant's
fall was a noncompensable, unexplained accident and reverse the
commission's decision.

     Claimant worked for employer as a supervisor in the cutting
department, shipping and receiving department, and the sewing
room.  On July 15, 1994, claimant was going downstairs from the
sewing room to the cutting department when she fell.  Claimant
testified that the stairs are steep and dark, and that there was

        [*]Pursuant to Code § 17.116.010 this opinion is not
designated for publication.

no light bulb in the receptacle.  Claimant wears bifocals, and her glasses slipped just before she fell.  She does not know why she fell, but speculated that either the glasses slipping caused her fall or she looked out of her bifocals wrong.  Claimant does not know whether anything on the steps could have caused her fall.

When she fell, claimant injured her right hip and pelvis.  She sought benefits from August 11, 1994 and continuing.  The commission awarded benefits to claimant and found that:  (1) the dark, steep stairs "represent[ed] a condition peculiar to the workplace," and (2) the missing light bulb and height of the stairs were added risks of claimant's employment.

Employer argues that the commission erred in awarding benefits to claimant because she failed to prove that her fall "arose out of" her employment.

The law is well-established that, "[t]o qualify for workers' compensation benefits, an employee's injuries must result from an event 'arising out of' and 'in the course of' the employment." Pinkerton's, Inc. v. Helmes, 242 Va. 378, 380, 410 S.E.2d 646, 647 (1991).  This Court recently addressed the "arising out of" prong in the context of an unexplained fall case.  PYA/Monarch v. Harris, ___ Va. App. ___, ___ S.E.2d ___ (1996).  In formulating the "arising out of" analysis applicable in unexplained fall cases, the Court determined that it was "bound by the rationale of Pinkerton's that an unexplained fall is not compensable '[i]n

the absence of a showing that the [injury] 'arose out of' the employment'" and concluded that the "commission improperly extended the increased effects analysis properly used in idiopathic fall cases to an unexplained fall situation." Id. at ___, ___ S.E.2d at ___ (quoting Pinkerton's, 242 Va. at 381, 410 S.E.2d at 648). Thus, "in an unexplained fall case in Virginia, a claimant must prove by a preponderance of the evidence that the fall 'arose out of' the employment by establishing a causal connection between his or her employment and the fall." ___ Va. App. at ___, ___ S.E.2d at ___.

In the instant case, the commission erred in finding a causal connection between claimant's fall and her employment and in applying the increased effects analysis to a non-idiopathic fall. Claimant's evidence established that she did not know what caused her to fall down the stairs. Although she speculated that she fell when her glasses slipped or when she looked out of her bifocals wrong, she could not relate her fall to an employment-related condition. No evidence in the record showed that the stairs were defective or that a foreign substance was on the stairs. Claimant's testimony that the stairs were dark and steep is insufficient to prove that the darkness or steepness of the stairs actually caused her fall. Additionally, the commission improperly utilized the increased effects analysis applicable in idiopathic fall cases. The record contained no evidence that an idiopathic condition of claimant caused her fall. Because

3

claimant's fall was clearly an unexplained accident, and she failed to show the requisite causal connection between her employment and her fall, the commission erred in awarding benefits.

Accordingly, the decision of the commission is reversed.

<u>Reversed</u>.