COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


JIMMY RAY FISHER, DECEDENT,
 ESTATE OF JIMMY RAY FISHER AND
 JERRY FISHER
                                        MEMORANDUM OPINION*
v.    Record No. 1598-01-1                  PER CURIAM
                                         OCTOBER 23, 2001
TIDEWATER APPLICATORS, INC. AND
 THE PMA INSURANCE GROUP


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Jerry Richard Fisher, pro se, on brief), for
            appellants.

            (Arthur T. Aylward; Midkiff, Muncie & Ross,
            P.C., on brief), for appellees.


     Jimmy Ray Fisher, decedent ("Jimmy Ray"), the Estate of

Jimmy Ray Fisher, and Jerry Fisher ("Jerry") contend the

Workers' Compensation Commission erred in (1) finding that the

evidence failed to prove that Jimmy Ray's death occurred as the

result of an injury by accident arising out of his employment;

and (2) failing to address the deputy commissioner's ruling

limiting Jerry's testimony at the hearing.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.

The parties stipulated that on March 17, 1999, Jimmy Ray died while in the course of his employment. Prior to his death, Jimmy Ray had been treated for heart problems beginning as early as 1993. He suffered a heart attack in 1998, and subsequently underwent quadruple coronary bypass surgery. He took heart medication and suffered from high blood pressure. At the time of his death, Jimmy Ray was still actively under treatment for his heart condition.

Michael Delaura, a sales representative for a manufacturer of construction products, testified that on the morning of March 17, 1999, he was working with a distributor, Doug Johnson, of Tidewater Interior Products. Delaura saw Jimmy Ray that morning at the counter of Tidewater Interior Products. Five to six minutes later, Delaura saw Jimmy Ray slumped over in the back of the bed of his truck.

Jerry, Jimmy Ray's brother, testified that on March 17, 1999, at approximately 9:00 a.m., he received a telephone call and was told that Jimmy Ray had been found dead with $1,300 in his pocket. Jerry testified that he did the following upon learning of his brother's death:

> When I heard this I went down to Tidewater
> Interiors and saw the truck, and I saw Jim
> Ray's body. The policeman wouldn't let me
> immediately go over to see Jim Ray, and he
> sent me over to stand by the Tidewater
> Applicator's truck. There were a bunch of
> trash bags, black trash bags of construction

-

> debris in the back of the truck, and there were about four buckets of sto(?) that weigh 70 pounds in the front of the bed of the truck.

Jerry testified that he did not know how the buckets got onto the truck bed.  He stated that Jimmy Ray "had gone down there to pick up 10 buckets, and he'd gone down by himself."  When asked whether someone else could have put the buckets on the truck, Jerry stated, "Well, I---I don't see how that could be, because he died on top of the truck."

When asked by the deputy commissioner what he could relate about Jimmy Ray's death, Jerry stated, "I told you.  I went down there, saw the truck, saw him lying on the ground, on the pavement."  Jerry admitted that there were forklifts available in the warehouse where Jimmy Ray died.  Jerry did not know if the buckets had been loaded by a forklift.  Jimmy Ray was already deceased when Jerry arrived at the scene.  Jerry did not request an autopsy.

Jimmy Ray's death certificate, signed by his cardiologist, Dr. Howard C. Steier, listed the immediate cause of death as "Ischemic Heart Disease."  No other medical documents addressed the cause of Jimmy Ray's death.

A claimant must prove that an injury arose out of and in the course of his employment to qualify for any benefits under the Workers' Compensation Act.  Pinkerton's, Inc. v. Helmes, 242 Va. 378, 380, 410 S.E.2d 646, 647 (1991).  "Whether an injury

-

arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court." Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989).

The claimant argues that the commission should have accorded him a presumption that Jimmy Ray's death arose out of his employment based on the rule set forth in Sullivan v. Suffolk Peanut Co., 171 Va. 439, 199 S.E. 504 (1938):

> Where an employee is found dead as a result of an accident at his place of work or nearby, where his duties may have called him during the hours of his work, and there is no evidence offered to show what caused the death or to show that he was engaged in his master's business at the time, the court will indulge the presumption that the relation of master and servant existed at the time of the accident, and that it arose out of and in the course of his employment.

Id. at 444, 199 S.E. at 506. The claimant, in his brief, agrees with the commission that the "dispositive question is whether the 'death presumption' applies."

The commission found that the evidence failed to prove that Jimmy Ray's death resulted from an accident. In addition, the commission found that the death presumption did not apply in this case.

Here, unlike Sullivan, no evidence established that Jimmy Ray was found dead as the result of an accident at his place of work or nearby at a place where his duties may have called him. The fact that Jimmy Ray was found dead on his truck, which

-

contained various items, did not prove that his death occurred as the result of an accident.  The only evidence concerning the cause of Jimmy Ray's death was the death certificate, which showed that his death resulted from ischemic heart disease.  As the commission noted, any conclusion that Jimmy Ray died as a result of lifting bags of stucco cement "would be 'speculation and surmise.'"

Based upon this record, the commission did not err in finding that the death presumption did not apply and that Jerry failed to prove that Jimmy Ray's death resulted from an injury by accident arising out of his employment.

II.

Jerry contends the commission erred in refusing to address the deputy commissioner's refusal to allow Jerry to testify (1) that he occasionally worked with Jimmy Ray, (2) regarding the difficulty Jimmy Ray endured in lifting seventy-pound buckets of stucco cement onto the bed of employer's truck, (3) that Jimmy Ray was a Vietnam veteran, and (4) that Jimmy Ray worked hard and always did his duty.

The record does not establish that Jerry proffered this testimony to the deputy commissioner for consideration.  In addition, the transcript of the hearing does not show that Jerry objected to the deputy commissioner's rulings regarding the matters about which Jerry would be permitted to testify. Accordingly, we will not consider this issue for the first time

-

on appeal.  Rule 5A:18.  Moreover, any error in not allowing such testimony was harmless, because the testimony was not relevant or material to the issues before the commission.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>

-