COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


BERTHA L. FENNELL, WIDOW OF
 JAMES MATHEW FENNELL (DECEASED)
                                          MEMORANDUM OPINION*
v.    Record No. 2711-01-1                    PER CURIAM
                                          FEBRUARY 12, 2002
TARMAC VIRGINIA AND
 INSURANCE COMPANY OF THE
 STATE OF PENNSYLVANIA


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Thomas F. Hennessy; Thomas F. Hennessy,
              P.C., on brief), for appellant.

              (Ralph L. Whitt, Jr.; Michael P. Del Bueno;
              Whitt & Associates, on brief), for appellees.


     Bertha L. Fennell ("claimant"), widow of James Mathew

Fennell ("the decedent"), contends the Workers' Compensation

Commission erred in finding that (1) she failed to prove that

the decedent's death was causally related to a work-related

accident occurring on July 21, 1998; (2) the applicable statute

of limitations accrued as of July 21, 1998 and, therefore, the

claim was time-barred; and (3) the death presumption did not

apply to this case.  Upon reviewing the record and the parties'

briefs, we conclude that this appeal is without merit.

_____

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

## Background

On October 30, 1998, Frank Schmitz, the decedent's supervisor, found the decedent, a truck mechanic, dead at his workplace. On the morning of October 30, 1998, Schmitz received a report that the decedent had not reported for work although his pickup truck had been seen. Upon investigating further, Schmitz found the decedent's body in a chair in the office area with a pool of blood around the base of the chair. Schmitz saw a spot of blood that had been wiped up at the entrance to the tool room, but there was no trail of blood, no evidence of an accident, and no indication of foul play. The decedent was holding a piece of gauze in his right hand. He was wearing a moccasin on his right foot and a work boot on his left foot. These facts indicated to Schmitz that the decedent had been getting ready to leave work the evening of October 29, 1998, because he always changed his shoes before leaving.

Schmitz knew that claimant had sustained an injury at work on July 21, 1998, but he did not know of any ongoing problems, medical treatment, or lost time from work.

A July 21, 1998 report from Maryview Hospital indicated that the decedent had a history of varicose veins and that he struck his left leg with a socket wrench, causing immediate, profuse bleeding. An examination revealed a four-centimeter

- 2 -

puncture wound, which was sutured.  On August 7, 1998, the sutures were removed.  The record contained no further indication of medical treatment.

The autopsy report listed the decedent's cause of death as "Exsanguination due to erosion of an arteriovenous malformation of the left lateral leg."  The medical examiner observed arteriovenous malformations extending along the left lateral calf for a length of five inches and at the medial left knee. The death certificate listed the same cause of death as the autopsy report.

## I. and III.

A claimant must prove that an injury arose out of and in the course of his employment to qualify for any benefits under the Workers' Compensation Act.  Pinkerton's, Inc. v. Helmes, 242 Va. 378, 380, 410 S.E.2d 646, 647 (1991).  "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 483, 382 S.E.2d 305, 305 (1989).

The claimant argues she proved that the decedent's death was caused by his July 21, 1998 accident, and in the alternative, that the commission should have accorded her a presumption that the decedent's death arose out of his employment based on the death presumption.

In <u>Sullivan v. Suffolk Peanut Co.</u>, 171 Va. 439, 199 S.E. 504 (1938), the Supreme Court set forth the requirements for applying the death presumption as follows:

> Where an employee is found dead as a result of an accident at his place of work or nearby, where his duties may have called him during the hours of his work, and there is no evidence offered to show what caused the death or to show that he was engaged in his master's business at the time, the court will indulge the presumption that the relation of master and servant existed at the time of the accident, and that it arose out of and in the course of his employment.

<u>Id.</u> at 444, 199 S.E. at 506.

The commission found that the evidence failed to prove that the decedent's death resulted from an accident. In addition, the commission found that the death presumption did not apply in this case.

Here, unlike <u>Sullivan</u>, no evidence established that the decedent was found dead as the result of an <u>accident</u> at his place of work or nearby at a place where his duties may have called him. The fact that the decedent was found dead in his chair at work did not prove that his death occurred as the result of an accident. The only evidence concerning the cause of the decedent's death was the autopsy report and death certificate, which showed that his death resulted from "Exsanguination due to erosion of an arteriovenous malformation of the left lateral leg."

Based upon this record, the commission did not err in finding that the death presumption did not apply and that claimant failed to prove that the decedent's death resulted from an injury by accident arising out of his employment.

## II.

Because our rulings on the first and third questions presented by claimant dispose of this appeal, we need not address the statute of limitations issue.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>