COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Bumgardner and Frank
Argued at Salem, Virginia


DONALD E. HILL
                                                          OPINION BY
v.        Record No. 1460-04-3                    JUDGE ROBERT P. FRANK
                                                          JANUARY 18, 2005
SOUTHERN TANK TRANSPORT, INC. AND
  AMERICAN INTERSTATE INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                Karel Brown Ryan (Mullins, Ryan & Young, PLLC, on brief), for
                appellant.

                Ramesh Murthy (Penn, Stuart & Eskridge, on brief), for appellees.


        Donald E. Hill, claimant, contends the Workers' Compensation Commission erred by

finding his injury did not arise out of his employment with Southern Tank Transport, Inc.,

employer.  For the reasons stated, we affirm the commission.

                                    BACKGROUND

        The material facts are not in dispute.

        Claimant was employed by Southern Tank Transport as a tractor/trailer driver.  On

November 17, 2002, claimant was driving from Kimbalton, Virginia to Bennettsville, South

Carolina.  He had left Kimbalton at approximately midnight and stopped outside of Ashboro,

North Carolina sometime between 4:30 a.m. to 5:00 a.m. to perform a routine tire check.

Claimant then got back into his truck.  He remembers nothing after this point.  Subsequently,

claimant's trailer, in a single vehicle accident, ran off the road, overturned, and claimant was

severely injured.  At the hospital, claimant told an emergency room physician that he did not lose

consciousness nor did he fall asleep.

At the hearing before the deputy commissioner, claimant testified that he had no memory of the accident.  Claimant also denied knowing anything about the cause of the accident, including how it happened and when it happened.  He testified that the last thing he remembered was when he stopped in Ashboro, North Carolina to check on the tires.  He further indicated that up until that time, everything was going well.  The weather conditions and the road conditions were fine, and the truck was operating properly.  Claimant testified he had not been drinking that night, nor had he taken any medication.  Claimant further indicated that he felt totally healthy before the wreck and denied having any medical difficulties prior to the accident.  Claimant offered no evidence as to the cause of the accident.

The deputy commissioner concluded the accident was unexplained and claimant failed to prove the accident arose out of his employment.

The commission affirmed the deputy and concluded:

> The claimant cannot remember anything about the accident.  The claimant submitted no evidence of unusual road conditions, defects in the truck, involvement of another vehicle, or health problems suggesting an idiopathic cause for the accident.  There is no evidence that drugs or alcohol were involved.  The hospital records shed no light on the cause of the accident, although they do report that the claimant does not think he fell asleep or lost consciousness.  The claimant has consistently testified that he simply does not know how the accident happened.  The claimant's accident is "unexplained," which is not compensable under Virginia law.

## ANALYSIS

Claimant contends that since he was operating employer's tractor/trailer on public streets and was thus subject to the "hazards of the streets," the accident arose out of his employment.  Employer maintains that since the accident was "unexplained," claimant failed to prove causation between employment and the accident.  We agree with employer.

- 2 -

"To qualify for workers' compensation benefits, an employee's injuries must result from an event 'arising out of' and 'in the course of' the employment." Pinkerton's, Inc. v. Helmes, 242 Va. 378, 380, 410 S.E.2d 646, 647 (1991). "The concepts 'arising out of' and 'in the course of' employment are not synonymous and both conditions must be proved before compensation will be awarded." PYA/Monarch & Reliance Ins. Co. v. Harris, 22 Va. App. 215, 221, 468 S.E.2d 688, 691 (1996) (quoting Marketing Profiles, Inc. v. Hill, 17 Va. App. 431, 433, 437 S.E.2d 727, 729 (1993) (*en banc*)). The claimant must prove these elements by a preponderance of the evidence. Id.

The only issue in controversy is whether claimant's injury arose out of his employment. In proving the "arising out of" prong of the compensability test, a claimant has the burden of showing that "'there is apparent to the rational mind upon consideration of all the circumstances'" "'a causal connection between the conditions under which the work is required to be performed and the resulting injury.'" Marketing Profiles, 17 Va. App. at 434, 437 S.E.2d at 729 (quoting Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938)).

> [I]f the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. But [the arising out of test] excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment.

Grove v. Allied Signal, Inc., 15 Va. App. 17, 19-20, 421 S.E.2d 32, 34 (1992) (quoting R & T Investments, Ltd. v. Johns, 228 Va. 249, 252-53, 321 S.E.2d 287, 289 (1984)).

Whether an accidental injury arose out of and in the course of employment is a mixed question of law and fact and is properly reviewable on appeal. See Classic Floors, Inc. v. Guy, 9

Va. App. 90, 383 S.E.2d 761 (1989); Park Oil Co. v. Parham, 1 Va. App. 166, 336 S.E.2d 531 (1985).

Claimant correctly argues Virginia follows its "actual risk test" doctrine.

> When an employee's presence on the streets is shown to be in the course of employment, "Virginia, following the majority rule, has adopted what is known as the 'actual risk test,' under which, in the words of Larson, 'it is immaterial even whether the degree of exposure is increased, if in fact the employment subjected the employee to the hazards of the street, whether continuously or infrequently.' (quoting 1 Arthur Larson, Workers' Compensation Law § 9.10 (1993))."

Marketing Profiles, 17 Va. App. at 434, 437 S.E.2d at 729 (citation omitted).

As we stated in Sentara Leigh Hospital v. Nichols, 13 Va. App. 630, 634-35, 414 S.E.2d 426, 428 (1992):

> In our view, the Virginia cases have not departed from the requirement that a claimant must establish by a preponderance of the evidence (1) that his or her duties to the employer require his or her presence upon the public streets, and (2) that his or her injury arose from an actual risk of that presence upon the streets in order to come within the protection of the principle established by these cases. Although closely related, these are separate factors necessary to establish a compensable claim . . . . A claimant can carry the burden of proof on [the first] factor by establishing that he or she is within an acknowledged class of employees, such as traveling sales personnel, truck drivers, messengers and delivery personnel, who, by the very nature of their employment, are required to be present upon the public streets and, thus, are exposed to the hazards of the streets.

At oral argument, appellant argued that to prevail under the "actual risk" analysis, a claimant must establish that: (1) the employee was on a mission for the employer; (2) the mission required the employee to be on a public street; (3) the employee was where he was reasonably expected to be; and (4) the employee was injured while engaged in an activity incident to the employment. Appellant merely expands the first prong of the Sentara Leigh analysis into four components while neglecting the second prong. If appellant's four

- 4 -

components create compensability, there is no need for Sentara Leigh's second prong, i.e., that his "injury arose from an actual risk of that presence upon the streets."[1]

Clearly, claimant, as a truck driver, satisfies the first prong. But, claimant presented no evidence to comply with the second prong.

Claimant cites Marketing Profiles in support of his position. The Court in Marketing Profiles addressed the second prong of the Sentara Leigh analysis and found that credible evidence established that claimant's injuries were caused by an automobile accident while claimant was on the road. Marketing Profiles, 17 Va. App. at 435, 437 S.E.2d at 729-30. Further, claimant's employer offered no evidence contradicting claimant's evidence that his automobile was hit on the passenger side while he was traveling in the course of his employment. Id. Because Marketing Profiles must be read in the context of an explained accident, i.e., that his car was struck while he was on the road, Marketing Profiles does not assist in resolving the issue presented here.

We should also note that in a non-fatal, unexplained accident there is no presumption that the injuries sustained arose out of employment. See Pinkerton's, 242 Va. 378, 410 S.E.2d 646. In Pinkerton's, the claimant was a security guard who had left her job site. She was later found semiconscious in her wrecked vehicle off the road. Although she had no recollection of how the accident occurred, the physical evidence showed "that the tire marks on the roadway were consistent with a sudden steering maneuver." Id. at 379, 410 S.E.2d at 647. In denying benefits, the Supreme Court of Virginia found the cause of the accident was unknown and that claimant was thus unable to prove a "critical link . . . between the conditions of the workplace and the

---

[1] Essentially, appellant is asking us to apply the "positional risk" doctrine where simply being injured while at work is sufficient to establish compensability. Virginia has refused to embrace the "positional risk" doctrine and remains an "actual risk" jurisdiction in which an accident, to be compensable, must also "arise out of" the employment. County of Chesterfield v. Johnson, 237 Va. 180, 185, 376 S.E.2d 73, 75-76 (1989).

injury." Id. at 380, 410 S.E.2d at 647. Claimant failed to prove the second prong of the requirements as articulated in Sentara Leigh.

Claimant further relies on Lucas v. Lucas, 212 Va. 561, 186 S.E.2d 63 (1972), to support his position. The claimant in Lucas was on company business to pick up the company's payroll. While en route, claimant was killed in an accident. The Supreme Court awarded benefits, finding "when [claimant] was fatally injured he was at a place he was reasonably expected to be while engaged in an activity incidental to his employment." Id. at 564, 186 S.E.2d at 65. Since claimant was not required to undertake the journey, but volunteered to do so, the Court's focus was whether claimant was engaged in an activity incidental to his employment. The Supreme Court found he was. The issue of an unexplained accident was not before the Court in Lucas because Lucas involved a fatality. Unlike Lucas, claimant in the instant case was not fatally injured, thus no presumption arose.

Therefore, we conclude that even under the "actual street risk rule," facts must exist to explain how the accident occurred. Without such an explanation, claimant cannot prove the second prong of the Sentara Leigh test, i.e., that the injury arose from an actual risk of claimant's presence on the street. Here, claimant never explained how the hazards of the street caused his injuries, thereby eliminating the possibility of causes totally unrelated to the street risks of employment. See Marketing Profiles, 17 Va. App. at 437, 437 S.E.2d at 731. Claimant only proved that he was on the road, went off the road, and hit a tree. The commission was correct in denying benefits since claimant did not prove his injury arose out of his employment.

Accordingly, we affirm.

Affirmed.