COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge Petty and Senior Judge Coleman
Argued at Salem, Virginia


SELINA FAYE JESSEE

                                                      MEMORANDUM OPINION* BY
v.        Record No. 0225-06-3              CHIEF JUDGE WALTER S. FELTON, JR.
                                                          OCTOBER 17, 2006
LOGISTICARE SOLUTIONS, LLC AND
 TWIN CITY FIRE INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Stephen W. Mullins (Clarence E. Phillips; Clarence E. Phillips, P.C.,
            on brief), for appellant.

            Anne L. Musgrove (Penn, Stuart & Eskridge, on brief), for
            appellees.


        Selina Faye Jessee ("claimant") appeals the decision of the Virginia Workers'

Compensation Commission ("commission") denying her claim for benefits from her employer,

Logisticare Solutions, LLC and Twin City Fire Insurance Company (collectively "employer").

Claimant contends that the commission erred in finding the injury she suffered when she fell on

steps in the building in which her workplace was located did not arise out of her employment.

Specifically, she asserts that it erred in not finding that her injury was caused by a workplace

condition and in requiring her to identify a substance on the steps which she contends caused

them to be shiny and slippery.  For the reasons that follow, we affirm.

                                       BACKGROUND

        On claimant's appeal from the decision of the commission, we view the evidence in the

light most favorable to the prevailing party there.  Tomes v. James City (County of) Fire, 39

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Va. App. 424, 429, 573 S.E.2d 312, 315 (2002). So viewed, the evidence shows that on July 21, 2004, claimant was injured when she fell on stairs in the building where her workplace was located. At the time of her injury, claimant was on a break. After using the bathroom on the mezzanine level of the building, she proceeded down two flights of steps to the ground level to go outside to smoke a cigarette. She testified that she "made it down the first flight to the landing area, and when [she] went to go down the second flight of stairs [she] slipped and fell down the stairs." She sustained injuries to her right shoulder and left knee.

After she fell, claimant walked outside and spoke to her co-workers, including John Marrs ("Marrs"). Marrs testified that claimant said "she had slipped on the steps." He immediately inspected the area where she fell but did not see "any water or anything of that nature on [the steps]." Gregory Forgey ("Forgey"), operations manager for employer, who completed the Employer's Accident Report, noted that claimant's injuries resulted when she "slipped and she fell down stairs causing bruise to left knee and pain to right shoulder." Claimant was treated at a hospital where she was diagnosed with lumbar sprain and strain, and contusions to her left hip and right shoulder.

In September 2004, claimant filed a claim for medical benefits and for temporary total disability benefits from the date of her injury through August 23, 2004. In her claim, she stated that her injuries occurred when she "[s]lipped on slick floor and fell down steps," resulting in injuries to her right shoulder, left knee, lower back, and arm. Employer contested the compensability of her claim.

In May 2005, following a hearing, a deputy commissioner denied claimant's application for benefits. The deputy commissioner noted that although he "[found] that claimant sustained an injury by accident that occurred during the course of the employment," she failed to establish

that her injury arose out of her employment. In June 2006, the full commission affirmed the deputy commissioner's decision. This appeal followed.

ANALYSIS

Claimant contends that the commission erred "by refusing to infer from the evidence presented that [her] accident and injury were caused by conditions present in her workplace." She further contends that this "effectively require[ed] [her] to identify the substance which made the steps, upon which she slipped, shiny and slippery."

As we have previously noted:

> [t]o qualify for workers' compensation benefits, an employee's injuries must result from an event "arising out of" and "in the course of the employment." The concepts "arising out of" and "in the course of" employment are not synonymous and both conditions must be proved before compensation will be awarded.

Hill v. Southern Tank Transport, Inc., 44 Va. App. 725, 729, 607 S.E.2d 730, 732 (2005) (citations omitted). An accident occurs in the course of employment when "it takes place within the period of employment, at a place where the employee may be reasonably expected to be, and while [s]he is reasonably fulfilling the duties of [her] employment or is doing something which is reasonably incident thereto." Prince v. Pan American Airways, 6 Va. App. 268, 271, 368 S.E.2d 96, 97 (1988) (citations omitted). An injury arises out of employment when "there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." Central State Hospital v. Wiggers, 230 Va. 157, 159, 335 S.E.2d 257, 259 (1985) (citations omitted). "The claimant ha[s] the burden of establishing, by a preponderance of the evidence, and not merely by *conjecture or speculation*, that she suffered an injury by accident which arose out of and in the course of the employment." Id. (emphasis added).

"The commission's decision that an accident arises out of the employment involves a mixed question of law and fact and is thus reviewable on appeal." Southside Va. Training Center v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995) (citations omitted). "The commission's factual findings are conclusive and binding on this Court when those findings are based on credible evidence. In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Westmoreland Coal Co. v. Russell, 31 Va. App. 16, 20, 520 S.E.2d 839, 841 (1999) (citations omitted). Furthermore, "[w]e will not substitute our judgment for that of the trier of fact, which had an opportunity to observe the witnesses and evaluate their credibility." Dollar General Store v. Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996) (citations omitted).

Additionally, "[w]e have held that in order for a fall on stairs to be compensable there must either be a defect in the stairs or claimant must have fallen as a result of a condition of the employment." County of Buchanan School Bd. v. Horton, 35 Va. App. 26, 29, 542 S.E.2d 783, 784-85 (2001) (citing Shell, 20 Va. App. at 203, 455 S.E.2d at 763). "The mere happening of an accident at the workplace, not caused by any work related risk or significant work related exertion, is not compensable." Ogden Allied Aviation v. Shuck, 17 Va. App. 53, 54, 434 S.E.2d 921, 922 (1993), aff'd on reh'g en banc, 18 Va. App. 756, 446 S.E.2d 898 (1994) (citations omitted).

The commission noted that "[i]n this case, there is no evidence, other than speculation, that a substance existed, and this is the reason for [its] denial [of the claim]." It further noted that "claimant's contention that there was some type of coating on the steps was speculative," and her "perception of the shininess or slick quality of the steps is not the equivalent of proving that the risk factor of a coating of wax (or other substance) existed on the steps." We agree.

- 4 -

Claimant was required to prove that a defect existed in the steps that resulted in her fall and subsequent injuries.  See Horton, 35 Va. App. at 29, 542 S.E.2d at 784-85.  Although she suggested that wax on the steps caused her to slip and fall, no evidence on the record before us proved that wax, or any other substance, was present on the steps to cause them to be slippery.

On the night of the incident in July 2004, claimant told co-workers Marrs and Forgey that she "slipped" on the steps, but did not mention wax at that time.  One week following the incident, claimant gave a recorded statement to the insurer.  She then stated that she "didn't see anything . . . wet" on the steps and that there "wasn't anything . . . that [she] tripped over or anything like that," but that "they put wax on [the steps] to make it shiny all the time."

In her March 2005 discovery deposition, claimant testified that the steps were made of concrete but "look[ed] kind of like marble" and were "shiny and slick."  She further testified that the steps "look[ed] like a waxed floor" and that "you [could] almost see your reflection in it when you look down in it."  However, when asked whether she knew what coating was on the steps making it "shiny," she stated that she was "just assuming" it was wax.

In her subsequent testimony before the commission, she noted that she had never observed anyone wax or apply any other coating to the steps.  However, she contended that she slipped because "[t]he floor was very slick" and it was her "indication that [there] was . . . wax on the floor."  She stated that she was "pretty sure" that there was wax on the floor and that "the only explanation that I can give you is I know that I wax my floors at home and I know [that] the type of coating that there is at home" is the same coating as the floors at employer's workplace.  However, she noted that "[i]t's not the same type of floor [as the one in her home], but it's the same . . . type of slick coating."  Additionally, she stated that she was not carrying anything when she slipped, that there "was nothing abnormal or irregular about the steps," and that the steps were clean when she fell.

Claimant testified that her co-worker "John Marrs made a comment to us one day at work that he himself had almost fell [sic]. And other individuals have told me that they have also fell [sic] themselves." However, Marrs testified that he never told anyone that he had "almost fallen" after slipping on the steps, that he was not aware of anyone else falling on the steps, and that he had never witnessed anyone apply any substance to the steps. Forgey testified that although he had personally observed the floors being waxed, he had never seen anyone wax the steps.

Claimant continually asserted that the steps were "shiny" because of wax, but her own testimony indicated that this conclusion was an "assum[ption]." She testified that she did not see anything wet on the steps when she fell. No witness, including claimant, observed the steps being waxed or coated by any substance. No evidence was presented to confirm the existence of wax on the steps at the time she fell. Her sole explanation for why she believed wax was present on the steps was that her floors at home, which she waxed, had a similar "slick coating."

CONCLUSION

On the record before us, we conclude that the commission did not err in finding that claimant failed to prove her injury arose out of her employment and in determining the evidence was not sufficient to prove that wax or any other slippery substance or defect existed on the steps, causing her to slip and fall. For the foregoing reasons, we affirm.

<u>Affirmed.</u>