COURT OF APPEALS OF VIRGINIA


Present:   Judges Clements, Kelsey and Senior Judge Annunziata
Argued at Alexandria, Virginia


TOWN AND COUNTRY ANIMAL HOSPITAL AND
   AMERICAN HOME ASSURANCE COMPANY
                                                              MEMORANDUM OPINION[*] BY
v.          Record No. 0047-08-4                      JUDGE JEAN HARRISON CLEMENTS
                                                                        JUNE 10, 2008
SEAN R. DEARDORFF


               FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               S. Vernon Priddy III (Cecil H. Creasey, Jr.; Sands Anderson Marks &
               Miller, P.C., on briefs), for appellants.

               Jack T. Burgess (Burgess, Kernbach & Perigard, PLLC, on brief),
               for appellee.


       Town and Country Animal Hospital (T & C) and American Home Assurance Company

(collectively, appellant) appeal a decision of the Workers' Compensation Commission (the

commission) awarding Sean R. Deardorff (claimant) temporary total and temporary partial

disability and medical benefits.  Appellant contends the commission erred because the evidence

was insufficient to establish that claimant's injuries arose out of and in the course of his

employment with T & C.  For the reasons that follow, we affirm the commission's award.

       As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  BACKGROUND

We review the evidence in the light most favorable to claimant, the prevailing party before the commission.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "Factual findings by the commission that are supported by credible evidence are conclusive and binding upon this Court on appeal."  Southern Iron Works, Inc. v. Wallace, 16 Va. App. 131, 134, 428 S.E.2d 32, 34 (1993).  The evidence shows that on December 18, 2006, claimant filed to receive workers' compensation benefits for injuries suffered on October 21, 2006, while employed as a kennel assistant with T & C, a veterinary office and kennel located on a busy highway in Fairfax County.  Claimant had taken the job with T & C because he "love[d] animals," and he performed various duties there, including receiving and caring for boarded pets.  This occasionally entailed helping clients to bring pets into the building and back to their cars.

At around 4:30 p.m. on the day of his injury, as claimant was bagging trash in preparation for closing, a customer arrived to board his dog.  Claimant waited with Heather Skelly-Miranda, his supervisor, near the front door for the customer to bring the dog from his car and into the building.  The customer had reached the door and had started to come through when the dog pulled from its collar and ran toward the busy highway approximately twenty feet away.

When the dog escaped, claimant ran immediately after, pursuing the dog across the highway.  Skelly-Miranda yelled at the claimant "not to go," shouting "[d]on't, don't, don't . . . no, no, no, don't do it," but he did not hear her over the noise of "substantial traffic."  Claimant crossed to the other side of the highway, and was struck by two cars as he tried to catch hold of the dog as it ran back into the highway.[1]  The last thing claimant was able to remember was chasing the dog across the parking lot before crossing the highway.

_____

[1] Claimant concedes his conduct was "negligent."

- 2 -

During hearings on claimant's claim, evidence was adduced of an incident earlier that year when another dog, Hamish, escaped its owner in the T & C parking lot and ran into the woods on the other side of the highway. Claimant and several other employees participated in an organized search for Hamish that lasted several hours. Employees had participated in the search for Hamish "on the clock," and at the behest of T & C supervisors.

Several witnesses gave evidence as to their understanding of company policy regarding loosed animals, and with specific regard to the Hamish incident. Skelly-Miranda stated that although an animal does not become T & C's "responsibility" until the customer "hand[s] it over" inside the building, "if an animal gets loose we will . . . try to locate [the] animal[, as] we have tried before." One of T & C's owners, Dr. Davis Hall, stated, "if an [animal] slips a leash in the parking lot, we try to assist [] to get the animal in," and he acknowledged that employees are paid to continue the search even after regular business hours. Joel Schroeder, a T & C manager, acknowledged the Hamish incident and stated that the mobilization of the T & C workforce in a search for loosed animals such as Hamish benefited T & C by generating goodwill with animal owners. Several employees testified that the search for Hamish had been organized during work hours, and claimant testified that he and another employee were instructed by Skelly-Miranda to cross the highway in the course of that search. No evidence suggested that company policy regarding loosed animals had changed after the Hamish incident.

On June 21, 2007, a deputy commissioner awarded claimant disability and medical benefits; and on December 7, 2007, the commission affirmed that decision. This appeal followed.

## II. ANALYSIS

To recover benefits under the Workers' Compensation Act, an injured employee "must prove by a preponderance of the evidence that the injury arose 'out of and in the course of the

employment.'" Lucas v. Fed. Express Corp., 41 Va. App. 130, 133, 583 S.E.2d 56, 58 (2003) (quoting Code § 65.2-101).  Whether an employee's injury arose out of and in the course of his employment "involves a mixed question of law and fact, which we review *de novo* on appeal." Blaustein v. Mitre Corp., 36 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001).  Negligence on the part of the claimant in the performance of his duties is not relevant to the issues in this appeal. See Tyree v. Commonwealth, 164 Va. 218, 223 179 S.E. 297, 299 (1935).

"'Arising out of' and 'in the course of' are separate and distinct requirements," TBC Corp. v. Stephens, 49 Va. App. 650, 655, 644 S.E.2d 84, 87 (2007), each of which must be proved "by a preponderance of the evidence," Bassett-Walker, Inc. v. Wyatt, 26 Va. App. 87, 92, 493 S.E.2d 384, 387 (1997) (en banc).  Appellant challenges the sufficiency of the evidence on each requirement, contending first that the evidence failed to demonstrate sufficiently that claimant's injuries arose out of his employment.  We disagree.

In determining whether an injury arises out of the employment, we apply "the 'actual risk' test, which 'requires that the employment subject the employee to the particular danger that brought about his or her injury.'" Smithfield Packing Co. v. Carlton, 29 Va. App. 176, 181, 510 S.E.2d 740, 742 (1999) (quoting Lipsey v. Case, 248 Va. 59, 61, 445 S.E.2d 105, 106 (1994)). Under this test, an employee's "'injury arises "out of" the employment[] when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.'" Combs v. Virginia Elec. & Power Co., 259 Va. 503, 509, 525 S.E.2d 278, 282 (2000) (quoting In re Employers' Liab. Assur. Corp., 102 N.E. 697, 697 (Mass. 1913)).

> "Excluded is an injury which comes from a hazard to which the
> employee would have been equally exposed apart from the
> employment.  The causative danger must be peculiar to the work,
> incidental to the character of the business, and not independent of
> the master-servant relationship.  *The event must appear to have*

*had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence*."

Nurses 4 You, Inc. v. Ferris, 49 Va. App. 332, 340, 641 S.E.2d 129, 133 (2007) (quoting United Parcel Service v. Fetterman, 230 Va. 257, 258-59, 336 S.E.2d 892, 893 (1985) (per curiam) (emphasis added).

The commission inferred from the evidence, particularly with regard to the Hamish incident, that it was among the duties of T & C employees to attempt to retrieve loosed animals, even if the animal leaves the premises and the employee must cross the highway after it. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). Having reviewed the evidence, we cannot say the conclusion drawn by the commission is an unreasonable one. Thus, under the circumstances of this particular incident and under the mixed standard of review we must apply, we find that claimant's employment subjected him to the particular risk that led to his injury, and his injuries indubitably flowed from that employment related danger.

Appellant nevertheless points out that claimant's last pre-injury memory occurred prior to crossing the highway, and asserts—based solely on the lapse in his recollection of the moments immediately prior to his injury—that the incident causing claimant's injury was "unexplained." Citing Pinkerton's, Inc. v. Helmes, 242 Va. 378, 381, 410 S.E.2d 646, 648 (1991), appellant argues that because claimant was unable to testify with regard to his "state of mind and intention" at the moment of this incident, he cannot have met his burden to show that his injuries arose out of his employment. See id. (recognizing, as a consequence of its holding that an amnesiac claimant injured in the course of her employment under "unexplained" and unobserved circumstances was not entitled to a presumption reserved for deceased claimants that the injuries

also "arose out of" her employment, that an "unexplained accident" cannot be shown to have arisen out of the employment).

We disagree. Although appellant would have us foreclose the claimant's right to compensation because the incident causing his injuries was unexplained, his argument fails its threshold premise; since "[e]very unexplained accident, by definition, means that *no one* can relate how the accident happened." Id. (emphasis added). Here, there was eyewitness testimony concerning the circumstances surrounding claimant's injuries, including—until mere moments before his injury—that of the claimant himself. This incident was therefore not unexplained at all, and appellant provides no reason or authority for the proposition that an employee who is injured while in the course of his employment cannot prove that his injuries arose out of his employment unless he can recall with specificity his mental state at the moment his injury occurred. For the reasons foregoing, we find that the commission did not err in its determination that claimant's injury arose out of his employment.

Appellant next contends that claimant's injuries did not occur in the course of his employment. "An injury occurs in the 'course of employment' when it takes place within the period of employment, at a place where the employee may be reasonably expected to be, and while he is reasonably fulfilling the duties of his employment or is doing something which is reasonably incidental thereto." Lucas v. Lucas, 212 Va. 561, 563, 186 S.E.2d 63, 64 (1972) (citations omitted).

Asserting that no T & C employee would have been expected to cross a busy highway in the performance of his duties, appellant contends that claimant "unilaterally" chose to attempt retrieval of the dog for reasons unconnected with his employment. However, as noted above, the evidence adduced from several witnesses showed that, with management approval, claimant and other employees had been instructed by supervisors to participate in animal retrieval tasks that

required crossing the highway on a previous occasion, and the commission inferred from all the evidence that crossing the highway after loosed animals was a duty associated with claimant's employment. Again, we cannot say that the commission's factual conclusions are unreasonable. See Hawks, 7 Va. App. at 404, 374 S.E.2d at 698. Appellant nevertheless contends that claimant's action in fulfillment of his employment duties here—rushing across a busy highway—was rash, "obviously dangerous," and no supervisor or manager ever would have directed him to do it. Appellant concludes that the resulting injury was therefore not "reasonably incidental" to claimant's employment. However, even if the employer never intended that claimant cross the highway during heavy traffic, appellant cites no authority for the proposition that an otherwise compensable injury will be barred if it results from voluntary conduct that is inadvisable under the attendant circumstances.[2] See Lucas, 212 Va. at 564, 186 S.E.2d at 65 ("If the voluntary act of an employee which causes an injury is sufficiently related to what the employee is required to do in fulfilling his contract of service, or is one in which someone in a like capacity may or must do in the interest of his employer's business, the fact that the employee was not actually required to perform the act will not impair his right to recover compensation." (citation omitted)). Indeed, contrary to the implication of appellant's arguments, "course of employment" requires not that an injury be the consequence of a reasonable act, but simply that the act causing the injury be reasonably connected to the fulfillment of employment duties. See Tyree, 164 Va. at 223, 179 S.E. at 299 ("[Even where a claimant] may have been guilty of gross

---

[2] Appellant cites several opinions of the commission to support his position. Each, however, deals with an employee acting initially within the course of his employment but who undertakes an intervening act or series of acts so far outside the orbit of reasonably expected conduct as to preclude the resulting injuries from compensability. The opinions cited are not analogous here, where the act and circumstances directly leading to claimant's injury—crossing the highway to retrieve a loosed animal—was entirely within the demonstrated scope of expected employee conduct.

negligence, such conduct does not bar him from receiving compensation, if the act out of which the injury arose was incidental to the duties of his employment . . . .").

We find that credible evidence supports the commission's conclusion that claimant's employment duties can reasonably have been expected to take him into and across the highway. Thus, under the circumstances of this case, claimant was fulfilling the duties of his employment when he was injured as a reasonable incident thereof, and we give no legal effect to the fact that claimant's conduct was negligent.

Having found that claimant's injuries arose out of and in the course of his employment, we affirm the decision of the commission.

Affirmed.