COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Felton, Judges Frank and Huff
Argued at Alexandria, Virginia


REPUBLIC AIRWAYS HOLDINGS, INC. AND
 CHUBB INDEMNITY INSURANCE COMPANY

                                            MEMORANDUM OPINION[*] BY
v.      Record No. 0003-14-4                  JUDGE GLEN A. HUFF
                                              JUNE 17, 2014

CYNTHIA MILLER


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

      Dennis Boyd Cook (David Obuchowicz; Midkiff, Muncie, & Ross,
      P.C., on brief), for appellants.

      (Eric S. Wiener, on brief), for appellee. Appellee submitting on
      brief.


      Republic Airways Holdings, Inc. and Chubb Indemnity Insurance Company (collectively

"appellant") appeal a decision of the Virginia Workers' Compensation Commission

("commission") finding that Cynthia Miller ("claimant") suffered a compensable injury. On

appeal, appellant asserts that the commission erred in finding that claimant's injury was caused

by a risk of her employment "when [claimant] presented no non-speculative evidence showing a

causal connection." For the following reasons, this Court affirms the commission's ruling.

I. BACKGROUND

      On appeal from the commission, "we review the evidence in the light most favorable to

the prevailing party." R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d

788, 788 (1990). If supported by credible evidence, the commission's factual findings are

"binding on appeal," Tomes v. James City Fire, 39 Va. App. 424, 430, 573 S.E.2d 312, 315

---

      [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(2002), "even though there is evidence in the record to support a contrary finding," Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986). In addition, the commission's "conclusions upon conflicting inferences, legitimately drawn from proven facts, are equally binding on appeal." Watkins v. Halco Eng'g, Inc., 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983). So viewed, the evidence is as follows.

Claimant was employed as a flight attendant for appellant based out of Ronald Reagan Washington National Airport ("Washington National"). On August 6, 2009, she was on a four-hour layover in Omaha, Nebraska with her final destination of Washington National. While on layover in the Omaha airport, claimant stepped onto an escalator and her right foot slipped out from under her, resulting in injuries. Claimant kept hold of the rail with her right hand and pulled herself back to a standing position.

Before the deputy commissioner, claimant testified as follows:

Q: . . . [C]an you tell me what happened on the escalator?

A: I went to go down the escalator . . . I took hold of the rail [with my right hand], I stepped onto the escalator, and my right foot just kept going like there was something slick on the step.

Q: Was there something slick on the steps?

A: That's been undetermined. I don't know. I don't know.

Q: Did it feel like it to you?

A: Absolutely.

Claimant subsequently reported the incident to her "gate agent" and "base manager" in Omaha and flew to Washington National.

As a result of the fall, claimant was treated by Dr. J. Mark Evans ("Evans") at Commonwealth Orthopedics and was diagnosed with "a small tear involving the volar aspect of the scapholunate ligament and some attenuation of the TFCC" in her right wrist. Evans reported

that claimant's injury resulted from claimant "going on an escalator . . . that the escalator was wet and her right foot slipped on in [sic] front of her."

On June 12, 2010, claimant filed a claim for benefits with the commission for her injuries. Appellant defended against the claim on the ground that claimant did not sustain an injury by accident arising out of and in the course of her employment. After an evidentiary hearing, the deputy commissioner denied the claim for benefits, holding that claimant failed to identify any hazard or condition of her employment that caused her fall. Claimant appealed to the full commission, which reversed the deputy commissioner's decision and held that "[w]e can reasonably infer she slipped due to a slippery surface on a moving escalator." Commissioner Williams dissented from the full commission's opinion, arguing that claimant's testimony did not describe a hazard or condition of her employment that caused her injury. This appeal followed.

## II. ANALYSIS

Appellant contends that the commission erred in finding that claimant's injury arose out of her employment. Specifically, appellant argues that there is "no non-speculative" evidence showing a causal connection between claimant's accident and a risk of her employment.

As this Court has previously noted:

> [t]o qualify for workers' compensation benefits, an employee's injuries must result from an event "arising out of" and "in the course of the employment." The concepts "arising out of" and "in the course of" employment are not synonymous and both conditions must be proved before compensation will be awarded.

Hill v. S. Tank Transp., Inc., 44 Va. App. 725, 729, 607 S.E.2d 730, 732 (2005) (citations omitted). "An accident occurs *in the course of employment* when it takes place within the period of employment, at a place where the employee may be reasonably expected to be, and while [s]he is reasonably fulfilling the duties of [her] employment or is doing something which is

- 3 -

reasonably incident thereto." Prince v. Pan Am. Airways, 6 Va. App. 268, 271, 368 S.E.2d 96, 97 (1988) (emphasis added).

"[T]his Court applies the 'actual risk' test to determining if an injury *arises out of employment*." Simms v. Ruby Tuesday, Inc., 281 Va. 114, 122, 704 S.E.2d 359, 373 (1995) (emphasis added). "Under the actual risk test, an injury comes within the Act only if there is a causal connection between the employee's injury and the conditions under which the employer requires the work to be done." Id. (citation omitted). "Whether an injury arises out of . . . employment involves a mixed question of law and fact, which we review *de novo* on appeal." Blaustein v. Mitre Corp., 36 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001) (citing Norfolk Cnty. Hosp. v. Smith, 33 Va. App. 1, 4, 531 S.E.2d 576, 578 (2000)). Disposition of the present case, however, turns on a pure question of fact: whether there was a slippery surface on the escalator that caused claimant to slip. Once that question is answered, resolution of the legal issue, whether the fall arose out of claimant's employment, is not contested.

If supported by credible evidence, the commission's factual findings "will not be disturbed on review, even though there is evidence in the record to support a contrary finding." Morris, 3 Va. App. at 279, 348 S.E.2d at 877. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of witnesses." Westmoreland Coal Co. v. Russell, 31 Va. App. 16, 20, 520 S.E.2d 839, 841 (1999). In light of these principles, this Court holds that the record contains credible evidence to support the commission's finding that there was a slippery surface on the escalator that caused claimant to slip.

Although claimant was unable to identify a foreign substance upon which she slipped or otherwise explain the slick surface, she testified before the deputy commissioner that it "[a]bsolutely" felt like something slick was on the escalator. She also described the incident by

testifying that when she stepped on the escalator "[her] right foot just kept going like there was something slick on the step." As the commission found, "[claimant's] description [of the accident] is not speculation. She knew something made her slip. . . . It was reasonable for her to conclude that her foot slipped on something because she felt her foot move and she fell." See Halco Eng'g, Inc., 225 Va. at 101, 300 S.E.2d at 763 (The commission's "conclusions . . . legitimately drawn from proven facts, are equally binding on appeal."). As no one other than claimant testified as to the condition of the escalator on the day in question, claimant's testimony alone is sufficient to support the commission's finding that claimant slipped on a slick surface on the escalator.

Nevertheless, appellant relies on Pinkerton's, Inc. v. Helmes, 242 Va. 378, 410 S.E.2d 646 (1991), to argue that claimant failed to prove her injuries arose out of her employment. In Helmes, however, the claimant was admittedly unable to remember any of the surrounding events and circumstances which may have caused the accident. Id. at 379, 410 S.E.2d at 647. In fact, there was no evidence whatsoever regarding the circumstances of the accident other than the fact that the accident occurred. Id. Consequently, the Supreme Court held that the evidence failed to show that claimant's injury arose out of her employment. Id. at 381, 410 S.E.2d at 648. Conversely, in the present case, the record demonstrates that claimant has consistently asserted and testified that there was a slippery surface on the escalator that caused her to fall. Thus, appellant's reliance on Helms is misplaced.

## IV. CONCLUSION

Accordingly, this Court affirms the ruling of the commission because there is credible evidence to support the commission's finding that there was a slippery surface on the escalator that caused claimant to fall.

Affirmed.