UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Decker, Judges Humphreys and Russell
Argued by teleconference

MOHAMMAD SOROUR

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0692-19-4                      JUDGE ROBERT J. HUMPHREYS
                                                    NOVEMBER 26, 2019

AVALON TRANSPORTATION, LLC AND
 INSURANCE COMPANY OF THE WEST

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Joseph T. Trapeni, Jr. (Trapeni, Romero & Morrison, on brief), for
            appellant.

            No brief or argument for appellees.


        Appellant Mohammad Sorour ("Sorour") filed a claim with the Workers' Compensation

Commission (the "Commission") alleging an injury to his neck, back, bilateral legs, bilateral

feet, bilateral elbows, a concussion, and a recurring headache.  He alleged that the injuries

occurred on April 23, 2018, while he was working for the appellee as a limousine driver.  Sorour

now appeals the Commission's April 5, 2019 decision denying his claim for benefits, arguing

that the Commission erred in holding that he did not sustain an injury arising out of the course of

his employment.

                                    I.  BACKGROUND

        On May 25, 2018, Sorour filed a claim for benefits, alleging he suffered a compensable

injury on April 23, 2018, when he was involved in a one-vehicle car accident while "on the

clock."  He sought an award of temporary total disability benefits beginning April 23, 2018, and

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

an award of lifetime, causally related medical benefits based on a pre-injury average weekly wage of $1,149.14.

A deputy commissioner conducted an evidentiary hearing on November 14, 2018. Neither Sorour's employer, nor the employer's insurer, both named as defendants, appeared at the evidentiary hearing despite "presum[ably]" having received proper notice. At the hearing, Sorour presented the following facts through his own testimony and medical records that he introduced without objection.

The morning of the accident, Sorour had a "pickup" from BWI Airport and dropped off the client in Pennsylvania around 12:00 or 12:30 p.m. He had another pickup at 3:30 or 4:00 p.m. Around 2:00 p.m., however, he got a call from his manager, asking that Sorour return to the company's office in Alexandria. As Sorour was exiting Interstate 495 on Eisenhower Avenue, he hit the guardrails on the exit ramp at about 10-15 miles per hour. The impact caused him to "hit [his] head on the windshield and [his] legs under the steering wheel," despite wearing a seatbelt. The airbags did not deploy. Sorour then called an ambulance.

As a result of the accident, he sustained injuries to his back, elbows, knees, and chest. Moreover, he sustained a "small" concussion, which caused him to have continuing problems sleeping and focusing. He testified that his orthopedic doctors and his neurologist advised him against returning to work at the time of the hearing. In support of this testimony, Sorour entered medical records from his orthopedic specialists indicating that he was not able to return to work until "at least" October 29, 2018. The deputy commissioner denied Sorour's claim.

Sorour requested a review of the deputy commissioner's decision by the full Commission. In an opinion dated April 5, 2019, the Commission affirmed the denial of benefits, holding that Sorour's evidence established only that his vehicle hit a guardrail on the exit ramp. The Commission held that the "mere fact that his vehicle was too close to the guardrail is not

sufficient to explain what caused the accident."[1]  Accordingly, Sorour could not establish the causal connection between his injury and the conditions under which his employer required the work to be performed.  Sorour now appeals his denial of benefits to this Court.

## II.  ANALYSIS

### A.  Standard of Review

"Whether an injury arises out of and in the course of employment involves a mixed question of law and fact, which we review *de novo* on appeal."  Norris v. ETEC Mech. Corp., 69 Va. App. 591, 597 (2018) (quoting Snyder v. City of Richmond Police Dep't, 62 Va. App. 405, 411 (2013)).  "Accordingly, although we are bound by the commission's underlying factual findings if those findings are supported by credible evidence, . . . we review *de novo* the commission's ultimate determination as to whether the injury arose out of the claimant's employment."  Id. (quoting Stillwell v. Lewis Tree Serv., Inc., 47 Va. App. 471, 477 (2006)).

### B.  "Arising Out Of" Employment Requirement

To receive compensation under the Workers' Compensation Act, the claimant must satisfy "both the 'arising out of' and the 'in the course of' prongs of the statutory requirements of compensability."  Id. (quoting Bernard v. Carlson Cos.-TGIF, 60 Va. App. 400, 404-05 (2012)).  "The concepts 'arising out of' and 'in the course of' employment are not synonymous and both conditions must be proved before compensation will be awarded."  Id. (quoting Bernard, 60 Va. App. at 405).  Here, Sorour has only assigned error to the Commission's determination that there was insufficient evidence to establish that his accident arose out of his employment.  "The

---

[1] In his decision, the deputy commissioner stated that "[w]hen asked by the Commission at the November 14, 2018 hearing how the accident happened, the claimant testified that he did not know."  Although there is no exchange in the record in which Sorour stated that he "did not know" how the accident happened, the Commission did not rely on this statement in concluding that Sorour's accident was unexplained.  On appeal, our review is limited to the decision rendered by the full Commission.  Code § 65.2-706(A).  Accordingly, this misstatement of the record is not before us.

phrase arising 'out of' refers to the origin or cause of the injury." Cty. of Chesterfield v. Johnson, 237 Va. 180, 183 (1989).

The claimant bears "[t]he burden of supplying evidence from which the inference can be legitimately drawn that the injury arose out of . . . the employment." Clifton v. Clifton Cable Contracting, L.L.C., 54 Va. App. 532, 539 (2009) (quoting Butler v. Nolde Bros., Inc., 189 Va. 932, 944 (1949)). That burden "is upon the claimant at every step of the decision-making process." Thorpe v. Ted Bowling Constr., 283 Va. 808, 815 (2012) (citing Thorpe v. Clary, 57 Va. App. 617, 626 (2011)).

To determine whether an injury arises out of employment, "Virginia employs the actual risk test." Norris, 69 Va. App. at 597 (quoting Southside Va. Training Ctr. v. Ellis, 33 Va. App. 824, 828 (2000)). "Under the actual risk test, the general rule is that a claimant's injury arises out of the employment 'if the manner in which the employer requires the work to be performed is causally related to the resulting injury.'" Id. at 598 (quoting Ellis, 33 Va. App. at 828). That causal relationship "is established when the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment." Id. (quoting City of Waynesboro v. Griffin, 51 Va. App. 308, 314 (2008)) (internal quotation marks omitted). Notably, however, the actual risk test "necessarily excludes an injury caused by a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood." Id. (quoting Bernard, 60 Va. App. at 405-06) (internal quotation marks omitted).

Sorour argues that the Commission inaptly classified his case as an "unexplained accident," because he "obviously hit the guardrail because he drove too close to the guardrail

when taking the exit ramp and failed to stay in the lane of travel."[2]  However, the Commission's

classification was correct.  "Absent a legal presumption, a claimant cannot recover if the cause of

the accident 'remains speculative.'"  Lysable Transp., Inc. v. Patton, 57 Va. App. 408, 419

(2010) (quoting Pinkerton's, Inc. v. Helmes, 242 Va. 378, 380 (1991)).  "[I]f the evidence does

not prove by a preponderance 'how the accident happened,' it is by definition unexplained and

thus speculative."  Id. (citations omitted).  "[F]acts must exist to explain how the accident

occurred."  Hill v. S. Tank Transp., Inc., 44 Va. App. 725, 732-33 (2005).

In Norris, we dealt with analogous circumstances.  There, the claimant was driving a

company vehicle from a job site to his residence when he fell asleep behind the wheel.  Norris,

69 Va. App. at 594.  The Commission denied his claim for benefits.  Id.  On appeal, Norris

argued that the Commission erred in holding that he did not sustain an injury arising out of his

employment "because he was where he was expected to be—driving himself . . . home, while

reasonably fulfilling the duties of employment."  Id. at 594, 598.  We upheld that denial because

in failing to explain the cause of the accident, Norris failed to meet his "statutory burden of

providing the 'critical link' between his employment and the resulting injuries."  Id. at 599.

Most notably, we held that Norris could not "show that the accident arose out of his employment

because he failed to prove any nexus whatsoever between his employment and falling asleep

behind the wheel beyond the fact that he was driving a company vehicle."  Id. at 600; cf. Mktg.

Profiles, Inc. v. Hill, 17 Va. App. 431, 437 (1993) (*en banc*) (holding that the risks of the street

---

[2] Sorour further argues that the Commission's failure to draw reasonable inferences from the evidence in the record amounted to an abdication of the Commission's mandate to "liberally construe" the "arising out of" requirement.  We note, however, that the Commission is only required to liberally construe the Workers' Compensation Act itself, not the evidence in the record before it.  See Gallahan v. Free Lance Star Publ'g Co., 41 Va. App. 694, 698 (2003) (citing City of Waynesboro Sheriff's Dep't v. Harter, 1 Va. App. 265, 269 (1985)).

can constitute the risks of employment in the case of an explained accident where the employee established a prima facie case to the Commission's satisfaction).

Like the claimant in <u>Norris,</u> Sorour presented no evidence to establish that his injuries arose out of his employment. His testimony and evidence presented at the hearing before the deputy commissioner amounted to an assertion that the accident arose out of his employment simply because he was driving himself in a company vehicle to the company's office at the request of his manager. Essentially, he argues that because he was where he was expected to be while driving a company vehicle, the injury arose out of his employment. The evidence he presented failed to prove by a preponderance *how* the accident occurred. Without more, this evidence falls short of Sorour's statutory burden of providing the "critical link" between his employment and the resulting injuries.

For the foregoing reasons, the judgment of the Commission is affirmed.

<u>Affirmed.</u>
