COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Huff, Malveaux and Senior Judge Annunziata
Argued by videoconference


MERCEDES AMAYA-HERNANDEZ

                                              MEMORANDUM OPINION* BY
v.        Record No. 0044-21-4                JUDGE MARY BENNETT MALVEAUX
                                              JULY 13, 2021

NSR SOLUTIONS, INC. AND
 GALLAGHER BASSETT SERVICES, INC.


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Matthew Peffer (ChasenBoscolo Injury Lawyers, on brief), for
              appellant.

              Marilyn N. Harvey (Clarke, Dolph, Hull & Brunick, P.L.C., on
              brief), for appellees.


        Mercedes Amaya-Hernandez ("claimant") appeals from a decision of the Virginia

Workers' Compensation Commission ("the Commission") denying her claim for benefits.  She

argues the Commission erred when it affirmed the deputy commissioner's finding that she did

not suffer an injury by accident when she fell on a set of unusual stairs at work.  Claimant further

argues the Commission erred by failing to apply the actual risk test and requiring her to

demonstrate an injury by accident consistent with negligence principles.  For the following

reasons, we affirm the Commission's decision.

                                      I.  BACKGROUND

        "Under our standard of review, when we consider an appeal from the Commission's

decision, we must view the evidence in the light most favorable to the party who prevailed

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

before the Commission." City of Newport News v. Kahikina, 71 Va. App. 536, 539 (2020). Here, the prevailing party was NSR Solutions, Inc. and Gallagher Bassett Services, Inc. (collectively "employer").

Claimant worked for employer as a custodian. Her job duties included dusting, cleaning, and removing trash from buildings at Fort Belvoir, Virginia.

At work on December 19, 2019, claimant descended a set of stairs so she could remove trash from a basement and kitchen. She testified that the stairs were concrete with a pink plastic covering and that the covering was "the same surface . . . that they use at the gyms." Claimant stated that while she was "in the last step" the "plastic surface caused [her] to slip and fall." Her forehead and arm hit the wall and she "landed sitting."

Claimant testified that she was holding on to a handrail with her left hand at the time of her fall. Although she further testified that "there was some[thing] slippery" on the lower part of the stairs, on cross-examination she reiterated her earlier statement that "the plastic caused me to slip and fall." When asked to clarify whether she had felt anything wet on the stairs, she replied, "No, I don't know. I just fell." Asked about the nature of the stairs, claimant stated that they were a "normal width. Everything is regular."

Elsa Melendez, employer's project manager, testified that one of claimant's coworkers called her to the scene of claimant's accident. She stated that claimant told her that "as she was going down the steps, she just fell and . . . land[ed] on her shoulder. . . . She said she slipped on the step." Melendez further testified that she "did not see anything" on the stairs, which she described as having "a vinyl stair tread." When asked whether there was "anything wrong with the stairs," she replied, "No, I didn't see anything. No. No, there was nothing wrong with the steps."

Claimant went to the hospital, where an emergency room physician recorded that "[claimant] notes she thought she was at the bottom of the stairs but she skipped the step by accident and fell." As a consequence of her injuries, claimant underwent a total right-shoulder replacement and received physical therapy. She filed a claim for benefits seeking both medical and temporary total disability benefits.

The deputy commissioner denied the claim after determining that claimant had failed to carry her burden of proving that her accident arose out of her employment. Claimant requested review by the full Commission.

A majority of the Commission affirmed the deputy commissioner's decision. The Commission rejected claimant's argument that the deputy commissioner had erred because the vinyl covering on the stairs was an unusual hazard that had caused claimant's injury. It noted that "beyond contending she slipped on the vinyl surface," which claimant had described as like the surface used at a gym, claimant "did not explain what about the covering increased her risk of suffering the fall, instead stating that she 'just fell.' She did not produce persuasive evidence that the vinyl covering was more slippery than other surfaces used to cover stairs." The Commission further noted Melendez's testimony denying that anything was wrong with the steps. Relying ultimately upon County of Chesterfield v. Johnson, 237 Va. 180 (1989), the Commission concluded that,

> The Deputy Commissioner was not persuaded that "the vinyl coated stairs were defective, unusual or otherwise peculiar," and did not find that the stairs or the vinyl covering presented the claimant with an enhanced risk of a work-related injury. We agree. Proving that a fall on stairs arose out of the employment requires a showing that an additional risk of employment, such as a defect in the structure or a foreign substance, caused the fall. . . . [T]he claimant did not establish that a defect in the stairs or another condition of her employment caused her to fall. The evidence does not preponderate that her injuries resulted from a work-related risk or that they arose out of the employment.

- 3 -

Claimant appealed to this Court.

## II. ANALYSIS

At issue in the instant appeal is whether claimant's injuries arose out of the course of her employment.

"An employee seeking workers' compensation benefits must prove an injury (1) 'caused by an accident,' (2) arising out of and (3) 'sustained in the course of the employment.'" Jones v. Crothall Laundry, 69 Va. App. 767, 774-75 (2019) (quoting Rush v. Univ. of Va. Health Sys., 64 Va. App. 550, 555-56 (2015)). See also Code § 65.2-101. "The phrase arising 'out of' refers to the origin or cause of the injury." O'Donoghue v. United Cont'l Holdings, Inc., 70 Va. App. 95, 103 (2019) (quoting Va. Emp. Comm'n v. Hale, 43 Va. App. 379, 384 (2004)).

"In assessing the Commission's determination regarding whether an injury arose 'out of' one's employment, the appellate court faces a mixed question of law and fact. The Court reviews the legal component of that determination *de novo*." Id. (citation omitted). As to factual findings, "this Court defers to the Commission in its role as fact finder. A factual finding by the Commission is 'conclusive and binding' as long as evidence in the record supports it. This principle applies 'even [if] there is evidence in the record to support contrary findings.'" Yahner v. Fire-X Corp., 70 Va. App. 265, 273 (2019) (alteration in original) (citations omitted) (quoting Jeffreys v. Uninsured Emp. Fund, 297 Va. 82, 87 (2019)). "The appellate court simply does not 'retry the facts, reweigh . . . the evidence, or make [its] own determination of the credibility of the witnesses.'" Jones, 69 Va. App. at 774 (alterations in original) (quoting Layne v. Crist Elec. Contractor, Inc., 64 Va. App. 342, 345 (2015)). "In short, '[i]f there is evidence or [a] reasonable inference that can be drawn from the evidence to support the Commission's findings, they will not be disturbed by [the] Court on appeal.'" Yahner, 70 Va. App. at 273 (alterations in original) (quoting Jeffreys, 297 Va. at 87).

Claimant argues that the Commission's determination that her injuries did not arise out of her employment was in error because she was injured when she slipped and fell "due to a unique condition of th[e] stairs"—*i.e.*, the fact that they were "vinyl covered," which constituted a "unique hazard." She contends that the nature of the stairs "thus put [her] in actual risk of injury" and accordingly her injury arose out of her employment.

"In determining whether an injury arises out of employment, 'Virginia employs the actual risk test.'" Norris v. ETEC Mech. Corp., 69 Va. App. 591, 597 (2018) (quoting Southside Va. Training Ctr. v. Ellis, 33 Va. App. 824, 828 (2000)). "This test requires proof that 'the employment expose[d] the work[er] to the particular danger from which he was injured, notwithstanding the exposure of the public generally to like risks.'" O'Donoghue, 70 Va. App. at 104 (quoting Lucas v. Fed. Express Corp., 41 Va. App. 130, 134 (2003)). Thus, an actual risk of employment is "not merely the risk of being injured while at work" and "necessarily excludes an injury caused by '*a hazard to which the workman would have been equally exposed apart from the employment*. The causative danger must be peculiar to the work and not common to the neighborhood.'" Bernard v. Carlson Companies-TGIF, 60 Va. App. 400, 405-06 (2012) (first quoting Taylor v. Mobil Corp., 248 Va. 101, 107 (1994); then quoting Hill City Trucking v. Christian, 238 Va. 735, 739 (1989)). Thus, "[s]imple acts of walking, bending, or turning, without any other contributing environmental factors, are not risks of employment." Ellis, 33 Va. App. at 829. The actual risk requirement is satisfied only when "there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." Dollar Tree Stores, Inc. v. Wilson, 64 Va. App. 103, 108 (2014) (quoting Marketing Profiles, Inc. v. Hill, 17 Va. App. 431, 434 (1993) (*en banc*)).

In the specific context at issue here, "[a]n employee who trips while walking [on] a staircase at work cannot recover compensation unless something about the steps (or some other condition of the workplace) presented a hazard or danger peculiar to the worksite." Bernard, 60 Va. App. at 407 (discussing Johnson); see also Grayson (Cnty. of) Sch. Bd. v. Cornett, 39 Va. App. 279, 287 (2002) ("It is well established that a fall down stairs does not arise out of the employment without evidence of a defect in the stairs or evidence that a condition of the employment caused the fall."); Cnty. of Buchanan Sch. Bd. v. Horton, 35 Va. App. 26, 29 (2001) (noting that "in order for a fall on stairs to be compensable there must either be a defect in the stairs or [the] claimant must have fallen as a result of a condition of the employment"); Southside Va. Training Ctr./Commonwealth of Va. v. Shell, 20 Va. App. 199, 202-03 (1995) (discussing Johnson and noting that "our inquiry must be whether credible evidence supports a finding that a defect in the stairs or a condition of [the claimant's] employment caused her to fall down the steps and injure herself").

We are not persuaded by claimant's argument. She testified that the "plastic surface" of the stairs "caused [her] to slip and fall" and that "the plastic caused me to slip and fall." However, as noted by the Commission, claimant did not offer any explanation as to how the vinyl stair covering increased her risk of falling on the stairs, stating only that she "just fell." Claimant did not testify or present other evidence that the vinyl covering of the stairs made them more slippery or hazardous than stairs with other surfaces. Likewise, Melendez did not testify to any particular hazard or danger presented by the vinyl covering of the stairs and stated that "there was nothing wrong with the steps." Thus, the record does not support claimant's argument that the vinyl surface of the stairs exposed her to any "unique hazard" peculiar to her worksite.

Accordingly, we find no error in the Commission's determination that claimant failed to prove that her injury arose out of her employment.[1]

Claimant assigns an additional error to the Commission for "failing to apply the actual risk test." She contends that the Commission erred because it relied on our Supreme Court's decision in Johnson, and in that case the Court erred by not applying "the actual 'actual risk test.'" Instead, claimant argues, in Johnson, "[t]he Supreme Court stated that they were following the 'actual risk test' when determining if a fall on stairs was compensable" but then applied a different test. Consequently, "[t]he test seemingly articulated by the Supreme Court in Johnson, and relied upon by the [Commission], is the discredited increased risk test." Thus, claimant's argument is that the Commission erred by relying on a Supreme Court decision that was itself in error, and in asking this Court to reverse the Commission on this point she asks us, in essence, to hold that our Supreme Court erred in Johnson. Even assuming, *arguendo*, that there is merit to claimant's argument, it is well established that "we are bound by decisions of the Supreme Court of Virginia and are without authority to overrule [them]." Roane v. Roane, 12 Va. App. 989, 993 (1991). See also Everett v. Carome, 65 Va. App. 177, 188 (2015) (citing Roane and holding that the appellant's argument that a certain Supreme Court of Virginia case "was wrongly decided is beyond this Court's purview"); Martinez v. Commonwealth, 42 Va. App. 9, 19 (2003) (citing Roane and holding that "[w]hether [the appellant] is correct or not" that controlling Supreme Court cases were "wrongly decided," this Court is "bound by the decisions of the Supreme Court"). Accordingly, we decline to hold that the Commission erred by relying upon a decision of our Supreme Court that claimant contends was erroneously decided.

---

[1] Because claimant argues only that the physical properties of the stairs rendered them uniquely hazardous, we do not consider whether "some other condition of [claimant's] workplace" may have caused her fall. Bernard, 60 Va. App. at 407.

Likewise, we reject the argument claimant presents in her third assignment of error. There, claimant contends that the Commission erred by requiring her "to demonstrate injury by accident consistent with negligence principles, rather than the no-fault system of workers' compensation[,]" based upon "recent precedents [that] do not seem to be actually applying the actual-risk test." Claimant argues that this Court "should review those precedents to determine if they are consistent with the actual-risk test" and contends that because Johnson was decided in error, "the decision below must be reversed." The principle articulated in Roane and its progeny controls here just as it controlled the resolution of claimant's previous assignment of error, and accordingly, we decline to reverse the Commission by revisiting settled and binding precedent.[2]

### III. CONCLUSION

We hold that the Commission did not err when it affirmed the deputy commissioner's finding that claimant did not suffer an injury by accident when she fell on stairs at work. Further, we decline to hold that the Commission erred by relying on binding precedent that claimant asserts was decided in error. Accordingly, we affirm the Commission's decision.

Affirmed.

---

[2] To the extent that claimant asks us to overturn previous opinions of this Court that rely on Johnson, we note that we are precluded from doing so by the interpanel accord doctrine. See, e.g., Prophet v. Bullock Corp., 59 Va. App. 313, 319 (2011) ("[U]nder the interpanel accord doctrine, the 'decision of one panel becomes a predicate for the application of the doctrine of *stare decisis* and cannot be overruled except by the Court of Appeals sitting *en banc* or by the Virginia Supreme Court.'" (quoting Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 73 (2003))).